UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAT PROBUS                                                                                                       PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:04-CV-582-S

CHARTER COMMUNICATIONS, LLC, et al.                       DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court upon the motion of the plaintiff, Pat Probus ("Probus) to remand this case back to state court, and the motion of the defendants, Charter Communications, LLC ("Charter") and Kelly Guiles ("Guiles") to dismiss the claims asserted against Guiles.

Probus sued her former employer, Charter, and her former co-worker, Guiles, in Kentucky state court. Probus sued Guiles for the state-law torts of slander and outrageous conduct. She sued Charter based on these torts under a theory of vicarious liability, and also on state-law claims of reverse discrimination, racially hostile work environment, and retaliatory discharge. Defendants removed the case to this court, contending that even though Probus and Guiles were both citizens of Kentucky, Probus had fraudulently joined Guiles as a defendant for the purpose of destroying diversity. Defendants then filed a motion for summary judgment, which this court granted on all claims. On appeal, the Sixth Circuit Court of Appeals remanded the case back to this court to resolve the issue of fraudulent joinder by determining whether a colorable basis exists for Probus' state-law claims against Guiles for slander and outrageous conduct.

Based on the Sixth Circuit's opinion, Probus filed a motion to remand, alleging that she has a colorable claim against Guiles and, therefore, that she was not fraudulently joined. Defendants

- 2 -

filed a motion to dismiss the claims asserted against Guiles, alleging that Probus does not have a colorable claim against Guiles and, therefore, that her claims against Guiles fail as a matter of law.

In its opinion on this matter, the Sixth Circuit Court of Appeals noted that "when a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing party may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Probus v. Charter Communications, LLC*, 234 F.App'x 404, 406 (6th Cir. 2007) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). It is the removing party's burden to demonstrate fraudulent joinder, and any doubts are resolved against removal. *Id.* (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994)). In order to determine whether a non-diverse defendant was fraudulently joined, the court must determine whether the plaintiff had a colorable basis for her claims against the defendant. *Id.* Fraudulent joinder can not occur unless it is clear that the plaintiff can not recover under the law of the state on the claim alleged or on the facts in view of the law. *Id.* (citing *Alexander*, 13 F.3d at 949). The question is whether there is any reasonable basis for predicting that the plaintiff could prevail. *Id.* (citing *Alexander*, 13 F.3d at 949).

Under Kentucky law, in order to establish a case for slander, Probus must demonstrate the following elements of her *prima facie* case: (1) defamatory language; (2) about the plaintiff; (3) which is published; and (4) which causes injury to the plaintiff. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004). In Kentucky, there are two types of slander: slander *per se* and slander *per quod*. *Id.* at 794. If the statement constitutes slander *per se*, damages are presumed; but if it is slander *per quod*, the plaintiff must allege and prove special damages.

- 3 -

Because Probus has failed to allege that she suffered special damages her allegations must state a colorable claim for slander *per se*. Probus contends that her allegation that Guiles "[s]pread false allegations about [her] private life" is slander *per se*. She argues that this allegation may properly be characterized as either of two types of slander *per se* recognized in Kentucky: (1) a false statement alleging incest, fornication, or adultery; or (2) an accusation that she has an infectious disease. *See* KRS 411.040; *Stringer*, 151 S.W.3d at 795. Defendants argue that this allegation is insufficient to state a colorable claim because her complaint is devoid of any allegation that Guiles' false statement actually accused her of engaging in incest, fornication, or adultery, or having an infectious disease.

While Probus' allegation is broad and non-specific, it is sufficient to state a claim for slander *per se*. The false allegations about Probus' private life which Probus alleges were spread by Guiles could be any number of things, including an allegation of incest, fornication, or adultery, or an accusation that she had an infectious disease. Therefore, a reasonable basis exists for predicting that, on the facts alleged, she could prevail on her claim for slander *per se*.

Because Probus has stated a colorable claim for slander, the court will not undertake to determine whether she has stated a colorable claim for outrageous conduct, but will remand this case to state court for that determination. Accordingly, Probus' motion to remand is granted and Defendants' motion to dismiss is denied.

A separate order in accordance with this opinion will be entered this date.